**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1352**

SABEIN BURGESS,

Plaintiff - Appellee,

v.

GERALD ALAN GOLDSTEIN,

Defendant - Appellant,

and

BALTIMORE POLICE DEPARTMENT; DETECTIVE WILLIAM RITZ; DANIEL VAN GELDER; OFFICER DALE WEESE; OFFICER RICHARD PURTELL; DETECTIVE/SGT. STEVEN LEHMAN; DETECTIVE ROBERT PATTON; DETECTIVE NEVERDON; UNKNOWN EMPLOYEES OF THE BALTIMORE POLICE DEPARTMENT; MAYOR AND CITY COUNCIL OF BALTIMORE; KELLY MILES, Officer; JOHN BOYD, Officer; JOHN SKINNER, Officer; DEAN PALMERE, Officer; DETECTIVE GERALD ALAN GOLDSTEIN,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cv-00834-RDB)

Argued: January 30, 2019                                    Decided: April 2, 2019

Before FLOYD, THACKER, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

───────────

**ARGUED:** Andre M. Davis, BALTIMORE CITY LAW DEPARTMENT, Baltimore, Maryland, for Appellant. Jon Loevy, LOEVY & LOEVY, Chicago, Illinois, for Appellee. **ON BRIEF:** Michael P. Redmond, Assistant Solicitor, Rachel A. Simmonsen, Assistant Solicitor, BALTIMORE CITY LAW DEPARTMENT, Baltimore, Maryland, for Appellant. Gayle Horn, Theresa Kleinhaus, Anthony Balkissoon, LOEVY & LOEVY, Chicago, Illinois, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 1995, Sabein Burgess was convicted of murdering his girlfriend and imprisoned for nearly 20 years. In 2013, Burgess filed a Writ of Actual Innocence in Maryland state court, which the State did not oppose, and he was released from prison in 2014. He subsequently filed the instant complaint pursuant to 42 U.S.C. § 1983 and state law, alleging that the lead detective in the murder case, Baltimore Police Detective Gerald Goldstein, fabricated evidence, withheld exculpatory evidence, maliciously caused him to be seized without probable cause, and intentionally inflicted emotional distress on him. The complaint also contained a claim against the Baltimore Police Department brought pursuant to *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978) ("Count Five"). The district court bifurcated Count Five and stayed discovery pending the outcome of the individual claims against Goldstein.

While proceedings on Count Five remained stayed, a jury sitting in the District of Maryland returned a verdict in favor of Burgess on the first four claims mentioned above and awarded him compensatory damages of $15 million. Goldstein appeals from that judgment.

"As a court of limited jurisdiction, we must ensure that we have jurisdiction to hear each appeal that is filed, doing so on our own motion if necessary." *Baird v. Palmer*, 114 F.3d 39, 42 (4th Cir. 1997). Federal appellate courts possess jurisdiction over appeals from all "final decisions" of the district courts. 28 U.S.C. § 1291. However, "[w]here a suit remains pending in the district court," an order dismissing some claims but not others "ordinarily is not final." *Baird*, 114 F.3d at 42. There are some

3

exceptions, such as when the matter meets the requirements of the collateral order doctrine; falls within one of the enumerated categories of interlocutory orders under 28 U.S.C. § 1292(a); or the district court certifies the judgment for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). *See Baird*, 114 F.3d at 42; 28 U.S.C. § 1292.

Count Five remains unresolved in the district court; therefore, the judgment on appeal is not final, and Goldstein fails to meet any exception noted above. We thus lack jurisdiction over this appeal and are constrained to dismiss it.[1] We remand the case to the district court with instructions to resolve Count Five as soon as practicable.[2]

*DISMISSED*

---

[1] Once the district court enters a final judgment as to all claims against all parties, a proper appeal may be filed.

[2] Although Appellant bears the responsibility of the consequences of filing a premature appeal, we note that both parties have a financial and personal interest in resolving the case as soon as practicable. Appellant estimates that post-judgment interest is accruing at a rate of approximately $645 a day.